### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

**DAWN VERRETT and**                                        **CIVIL ACTION NO. _____**
**RANDY VERRETT**

       **Plaintiffs,**

**VERSUS**                                                            **JUDGE _____**

**MORTGAGE SERVICES III,**                        **MAGISTRATE JUDGE _____**
**JPMORGAN CHASE BANK, N.A., and**
**FIRST AMERICAN FLOOD DATA SERVICES**

       **Defendants**

### <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that defendant, JPMorgan Chase Bank, N.A. ("Chase")

removes to this Court the lawsuit filed by the plaintiffs, Dawn Verrett and Randy Verrett

("Plaintiffs"), entitled "Dawn Verrett and Randy Verrett versus Mortgage Services III, JPMorgan

Chase Bank, N.A., and First American Flood Data Services," suit no. 156495, Div. "E," 21st

Judicial District Court, Parish of Livingston, State of Louisiana (the "State Court Action"). In

support of this Notice of Removal, Chase respectfully represents as follows:

1.

The Plaintiffs filed a Petition on or about August 15, 2017 (the "Original Petition") and a

First Supplemental and Amended Petition for Damages ("the Amended Petition") on or about

September 27, 2017 (the "Amended Petition")(the Original Petition and Amended Petition are

collectively referred to herein as the "Petition") with the Clerk of Court for the 21st  Judicial

1

District Court, Parish of Livingston, State of Louisiana, bearing civil matter number 156495, which is within the United States District Court for the Middle District of Louisiana.[1]

2.

In the Petition, the Plaintiff named JPMorgan Chase Bank, N.A., as well as Mortgage Services III and First American Flood Data Services as defendants.

## THE PLAINTIFFS' ALLEGATIONS

3.

In the Petition, the Plaintiffs allege that they are the owners of property located at municipal address 1423 John Drive, Denham Springs, Louisiana (the "Property").[2]

4.

In the Petition, the Plaintiffs allege that the Property flooded on August 13, 2013.[3]

5.

In the Petition, the Plaintiffs allege that they were required to have flood insurance because the Property was located in Flood Zone A.[4]

6.

In the Petition, the Plaintiffs allege that their flood insurance payments would come out of Plaintiffs' escrow account.[5]

---

[1]  *See* State Court Action, *in globo* Exhibit A.
[2] *See* Petition ¶ 5.
[3] *See* Petition ¶ 6.
[4] *See* Petition ¶ 7.
[5] *See* Petition ¶ 8.

7.

In the Petition, the Plaintiffs allege that their mortgage holder was Chase, which assigned the mortgage to Mortgage Services III.[6]

8.

In the Petition, the Plaintiffs allege that, after the Property flooded, they called their insurance agent to file a flood insurance claim, but they were told that their flood insurance policy had been cancelled, and were told to call their mortgage company.[7]

9.

In the Petition, the Plaintiffs allege that their flood policy provided coverage limits of $159,000 for structure and $100,000 for contents.[8]

10.

In the Petition, the Plaintiffs allege that they received an Elevation Certificate stating the Property was in Flood Zone AE when the Plaintiffs purchased the Property.[9]

11.

In the Petition, the Plaintiffs allege that FEMA did a revision of the Flood Map in 2013, and the Property remained in Zone AE.[10]

---

[6] *See* Petition ¶¶ 9, 10.
[7] *See* Petition ¶¶ 11, 12.
[8] *See* Petition ¶ 13.
[9] *See* Petition ¶ 14.
[10] *See* Petition ¶ 15, 16.

3

12.

In the Petition, the Plaintiffs allege that Chase cancelled the Plaintiffs' flood insurance policy unilaterally and without notice to Plaintiffs, based on a flood certification report performed by First American.[11]

13.

In the Petition, the Plaintiffs allege that, after the August 13, 2016 flood, they accessed a revised map showing the Property was in an AE designation, which would require flood insurance.[12]

14.

In the Petition, the Plaintiffs allege that Chase referenced a map to explain why it cancelled Plaintiffs' flood insurance, but the map indicates another piece of property.[13]

15.

In the Petition, the Plaintiffs allege that they received correspondence from the U.S. Small Business Administration in September 2016 stating the Plaintiffs were not eligible for a disaster loan "due to failure to maintain required flood insurance as directed by FEMA."[14]

16.

In the Petition, the Plaintiffs allege that they received correspondence from Chase in September 2016 stating that the Property was in Flood Zone X, and that only those properties located in areas A or V were required to have flood insurance.[15]

---

[11] *See* Petition ¶ 17, 18.
[12] *See* Petition ¶ 19.
[13] *See* Petition ¶ 20.
[14] *See* Petition ¶ 21.
[15] *See* Petition ¶ 22.

4

17.

In the Petition, the Plaintiffs allege that, following the flood, Chase claimed it emailed Plaintiffs a correspondence on May 1, 2012 stating that the Property was no longer in need of flood insurance.[16]  The Plaintiffs allege they requested a copy of this correspondence, but that Chase sent the September 6, 2016 correspondence instead.[17]

18.

In the Petition, the Plaintiffs allege that Chase did not inform Plaintiffs of the change in the flood status of the Property or that they could procure flood insurance on their own behalf.[18]

19.

In the Petition, the Plaintiffs allege that if they would have been so informed, they would have maintained flood insurance on the Property.[19]

20.

In the Petition, the Plaintiffs allege that First American incorrectly performed the flood certification indicating that the Property was no longer in a flood zone.[20]

21.

In the Petition, the Plaintiffs allege that the Property is in Zone A, based on their discussions with FEMA.[21]

---

[16] *See* Petition ¶ 23.
[17] *See* Petition ¶ 24, 25.
[18] *See* Petition ¶ 26, 27.
[19] *See* Petition ¶ 28.
[20] *See* Petition ¶ 29.
[21] *See* Petition ¶ 30.

22.

The Plaintiffs do not allege a specific amount of damages which they contend they are owed.  However, Plaintiffs assert that their damages are for uninsured loss and that their flood policy provided coverage limits of $159,000 for structure and $100,000 for contents.  The Plaintiffs also allege damages for emotional distress, worry and upset.

## THIS REMOVAL IS TIMELY

23.

Chase was served with the Petition on October 31, 2017.

24.

Removal is timely under 28 U.S.C. § 1446(b) as less than thirty days have passed from the date of service of the citation and the Petition on Chase.

25.

Upon information and belief, First American Flood Data Services ("First American") was named incorrectly by the plaintiffs, because it is not an entity but rather a former trade name of the proper defendant, CoreLogic Flood Services, LLC ("CoreLogic").  Prior to 2010, the proper party defendant was known as First American Flood Hazard Certification LLC, which was doing business as First American Flood Data Services.   In 2010, "First American Flood Hazard Certification LLC" changed its name to "CoreLogic Flood Services, LLC".  CoreLogic was served with the Petition and citation on or about October 31, 2017. CoreLogic consents to the removal of this action.[22]

---

[22] *See* CoreLogic Flood Services, LLC's Consent to Removal, Exhibit B.

26.

Upon information and belief, Mortgage Services III was served with the Petition and citation on or about November 1, 2017. Mortgage Services III consents to the removal of this action.[23]

27.

The Court's removal jurisdiction is based on federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. This Court also has supplemental jurisdiction over any and all remaining claims pursuant to 28 U.S.C. § 1367. This matter is being removed pursuant to 28 U.S.C. § 1441(a).

## FEDERAL QUESTION JURISDICTION

28.

The National Flood Insurance Act of 1968 ("NFIA") authorized the federal government to establish the National Flood Insurance Program ("NFIP"), under which property owners could voluntarily purchase flood insurance from the federal government because private insurers were unable to offer reasonably-priced flood insurance. In 1973, Congress amended the NFIA by the Flood Disaster Protection Act. 42 U.S.C. § 4012a(b)(1). The NFIA, as amended, requires flood insurance for loans secured by improved real estate situated within a federally-created Special Flood Hazard Area.[24]

---

[23] *See* Mortgage Services III Consent to Removal, Exhibit C.
[24]   A Special Flood Hazard Area is an area within a floodplain having a one percent (1%) or greater chance of flood occurrence in any given year. Special Flood Hazard Areas are indicated on maps issued by the Federal Emergency Management Agency (FEMA).

7

29.

The NFIA, as amended, further provides that, if, at the time of origination or at any time during the term of a loan secured by improved real estate located in an area that has been identified as being located within a Special Flood Hazard Area ("SFHA"), the lender determines that the building securing the loan is not covered by flood insurance, the lender shall notify the borrower under the loan that the borrower should obtain, at the borrower's expense, flood insurance for the building. 42 U.S.C. § 4012a(e)(1). If the borrower fails to purchase flood insurance within 45 days, the lender shall purchase the insurance on behalf of the borrower and may charge the borrower for the cost of premiums and fees incurred by the lender in purchasing the insurance. 42 U.S.C. § 4012a(e)(2).

30.

The Plaintiffs assert that Chase failed to accurately assess the flood zone designation and erroneously cancelled an existing flood policy. The Plaintiffs claims are governed by the National Flood Insurance Act ("NFIA"). *See Miccio v. Allstate Ins. Co.*, 2007 WL 16046 (E.D. La. 2007)(holding that the plaintiff's claims that the defendants failed to inform the plaintiffs that their flood zone designation had changed relate to policy administration—not policy procurement; therefore removal on federal question jurisdiction was proper). The Plaintiffs' allegations attempt to assert a cause of action against Chase under the NFIA, a federal statute. Consequently, the Plaintiffs have raised a federal question giving rise to subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

31.

The NFIA further requires banks and similar lending institutions ("Regulated Lenders") to determine whether a property is located in a SFHA. The NFIA allows Regulated Lenders to delegate to third parties, such as First American, the task of determining whether a particular piece of property falls within a SFHA. 42 U.S.C. § 4104b(d).

32.

In the Petition, the Plaintiffs assert that First American improperly conducted a flood zone determination and failed to accurately report the flood status of the Property, resulting in cancellation of the flood insurance. The Plaintiffs' allegations attempt to assert a cause of action against First American under the NFIA, a federal statute. Consequently, the Plaintiffs have raised a federal question giving rise to subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

33.

On its face, the Petition asserts a federal question, thereby providing this Court with jurisdiction under 28 U.S.C. § 1331. In the alternative, the Plaintiffs have attempted to engage in artful pleading in an effort to avoid the subject matter jurisdiction of this Court.

## DIVERSITY JURISDICTION

34.

This Court also possesses removal jurisdiction based on diversity jurisdiction, as provided in 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq*. The Defendants are diverse from the Plaintiffs, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9

35.

Plaintiffs assert they are residents of Livingston Parish, Louisiana.

36.

Chase is a national banking association.  "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, "a national bank ... is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797.

37.

At the time of the commencement of the State Court Action and now, Chase was and is a national banking association with its main office, as set forth in its articles of association, in the State of Ohio.  Chase's principal place of business is located in the State of New York.

38.

Upon information and belief, defendant CoreLogic, incorrectly named herein as First American, is a corporation domiciled in Delaware with its principal place of business in Texas.

39.

Upon information and belief, defendant Mortgage Services III, LLC is a limited liability company domiciled in Illinois with its principal place of business in Illinois.

40.

Complete diversity exists between the parties.

10

41.

Plaintiffs allege that their flood policy provided coverage limits of $159,000 for structure and $100,000 for contents.  The Plaintiffs assert damages for the alleged uninsured loss related to their Property which should have been covered by the flood policy.  Consequently, the amount in controversy, represented by the value of coverage limits of the flood policy, exceeds $75,000. Removal under diversity jurisdiction is appropriate.  28 U.S.C. § 1332.

42.

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served by the Plaintiffs upon Defendants are attached, along with Chase's motion and order for extension of time. [25]

43.

Promptly upon filing this notice of removal, written notice thereof will be given to all adverse parties and a copy of this notice of removal will be filed with the clerk of the aforesaid state court to effect the removal of this civil action to this Honorable Court as provided by law.

WHEREFORE, JPMorgan Chase Bank, N.A. prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Petition be removed from State court to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from said state court, and thereupon proceed with this civil action as if it had originally been commenced in this Court.

---

[25] *See* Exhibit A, *in globo*.

11

Respectfully submitted, this 30th day of November, 2017.

RESPECTFULLY SUBMITTED:

McGLINCHEY STAFFORD, PLLC


/s/ Melissa M. Grand
Michael D. Ferachi (Bar Roll No. 19566), T.A.
Melissa M. Grand (Bar Roll No. 32477)
301 Main Street, 14th Floor
Baton Rouge, LA 70801
Telephone: (225) 383-9000
Facsimile:  (225) 343-3076
mferachi@mcglinchey.com
mgrand@mcglinchey.com

**Attorneys for JPMorgan Chase Bank, N.A.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record in this matter via U. S. Mail, first class, postage prepaid and properly addressed, namely:

David A. Binegar
Tiffany R. Christian
Trent Moss
Binegar Christian, LLC
4902 Canal Street, Suite 301
New Orleans, LA 70119

Baton Rouge, Louisiana, this 30th day of November, 2017.


/s/ Melissa M. Grand
MELISSA M. GRAND

12

542026.1